IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARCO D. WATTS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-09(MTT) |
| **ANCHOR GLASS CONTAINER CORPORATION, INTERNATIONAL GLASS MOLDERS POTTER PLASTICS WORKERS LOCAL UNION 234,** *et al.***,** | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendants Anchor Glass Container Corporation, Charlene Elliot, Jeff Gordon, and Dave Wilcox (hereafter "the Anchor Glass Defendants") and Defendants International Glass Molders Pottery Plastics Workers Local Union 234, John Berryhill, Rick Hunter, and Frank Brandao (hereafter "the International Glass Defendants") have moved to dismiss the Plaintiff's complaint and amended complaint for failure to state a claim upon which relief could be granted. (Docs. 13 and 15). The Plaintiff has not responded to either Motion to Dismiss. For the following reasons, both Motions are **GRANTED**. (Docs. 13 and 15).

### I. PROCEDURAL AND FACTUAL HISTORY

Pro se Plaintiff Marco Watts alleges that the Anchor Glass Defendants and the International Glass Defendants engaged in discriminatory and unlawful conduct. In the complaint, the Plaintiff alleges that the Anchor Glass Defendants and the International Glass Defendants discriminated against him (1) by not hiring him back, (2) by breaching

the collective bargaining agreement, (3) by discontinuing his health care benefits, and (4) through "violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act." (Doc. 1 at 2).[1] Specifically, the Plaintiff alleges that the Anchor Glass Defendants have refused to rehire him back after they "told [his] doctors that they have [sic] a suitable job for [him]," and that the International Glass Defendants "[have] refused to represent [him] in getting [his] job back." (Doc. 1 at 4). Both of these actions, the Plaintiff alleges, breach the collective bargaining agreement between "both the union and the company." (Doc. 1 at 4). The Plaintiff further alleges that he reported a safety violation to the Occupational Safety and Health Administration.

The Plaintiff also filed an amended complaint. The amended complaint is a one-page document stating "Charges to include" and lists: "(1) Discrimination' Employment' [sic] Disability, (2) Breach of Duty of Care, (3) Wrongful Termination of Benefits, (4) Breach of Contract, (5) Retalation [sic], and (6) Falsification of Documents." (Doc. 7). The amended complaint contains no additional facts. Attached to the Plaintiff's complaint is a two-page document that is a portion of an EEOC charge regarding an ADA claim against the Anchor Glass Defendants.[2]

## II. MOTION TO DISMISS STANDARD

In order to survive a motion to dismiss, a complaint does not need to contain "detailed factual allegations," but must "give the defendant[s] fair notice of what the …

---

[1] The Plaintiff actually alleges that "both parties" have discriminated against him. The Court assumes he is referring to the Anchor Glass Defendants as a party and the International Glass Defendants as the other party for purposes of this Order. Further, the Complaint contains no additional "facts" other than those stated above, nor does it contain references to any federal or state law other than those stated above.

[2] The Anchor Glass Defendants also attach this EEOC charge to their Motion to Dismiss.

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain specific facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Further, "at the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Further, a complaint is not sufficient "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

When reviewing a pro se complaint, the Court liberally construes the complaint. However, the Court will not, and cannot, rewrite the complaint to include facts that are not alleged and claims that are not articulated. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Further, a pro se litigant is still required to include allegations

respecting all material elements of the claims asserted and bare legal conclusions attached to facts will not suffice. *Davilla v. Delta Air Lines*, 326 F.3d 1183, 1185 (11th Cir. 2003); *See also McNeil v. United States,* 508 U.S. 106, 113 (1993) (providing that, although pro se pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel").

### III. DISCUSSION

#### A.     The Anchor Glass Defendants

The amended complaint lists six specific claims: "(1) Discrimination' Employment' [sic] Disability, (2) Breach of Duty of Care, (3) Wrongful Termination of Benefits, (4) Breach of Contract, (5) Retalation [sic], and (6) Falsification of Documents." (Doc. 7 at 1).  Because the Plaintiff does not allege which claims are against which Defendant, the Court will assume all six listed claims are asserted against all of the Anchor Glass Defendants, as well as all of the International Glass Defendants. Additionally, the Plaintiff asserts a violation of Title VII.  (Doc. 1).  Therefore, the Court will assume Count V in the amended complaint—retaliation—is intended to expand on the Title VII violation alleged in his initial complaint.  Each claim is addressed below in the order in which the Plaintiff alleges them in his amended complaint.  (Doc. 7).

##### 1.     Count I – "Discrimination' Employment' Disability"

The Plaintiff alleges that Defendant Anchor Glass Corporation violated the Americans with Disabilities Act in his initial complaint and lists employment discrimination because of disability as Count I in his amended complaint.  (Docs. 1 and 7).  The Plaintiff specifically contends that Defendant Anchor Glass discriminated

against him when his benefits were terminated after he reached "maximum medical improvement." The Court presumes, then, that the Plaintiff is intending to assert a claim of employment discrimination because of his disability against Defendant Anchor Glass and the individual Anchor Glass Defendants.

The Americans with Disabilities Act prohibits employers from discriminating against "qualified individual[s] with a disability." 42 U.S.C. § 12112(a). To establish a prima face case of discrimination pursuant to the ADA, a plaintiff must show (1) that he is a person with a disability as defined by the ADA; (2) that he is qualified for the position and can perform the essential functions of the position with or without reasonable accommodation; and (3) that he was subjected to unlawful discrimination as the result of his disability. *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 910 (11th Cir. 1996).

Here, the Plaintiff has failed to plead a prima facie case of employment discrimination based on disability against Defendant Anchor Glass Corporation. The Plaintiff has not alleged that he is a person with a disability as defined by the ADA, that he is qualified for a position with Anchor Glass Corporation, nor how he was subjected to unlawful discrimination as a result of his disability. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted, and Count I against Defendant Anchor Glass is **DISMISSED.**

Further, the individual Anchor Glass Defendants are not subject to liability under the Americans with Disabilities Act. The individual Anchor Glass Defendants are employees of Anchor Glass Container Corporation, and there is generally no personal liability for employees under the ADA. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.

1996). Therefore, the Plaintiff has failed to state an ADA disability claim against the individual Anchor Glass Defendants, and Count I against the individual Anchor Glass Defendants is **DISMISSED**.

### 2.     Count II – Breach of Duty of Care

Count II does not appear to be a cause of action. The Plaintiff does not even specify what "duty of care" was owed to him. This "claim," as it relates to the Anchor Glass Defendants, is devoid of any factual application or factual support. The Court cannot discern from the complaint or amended complaint any of the specifics upon which the Plaintiff bases this claim, and therefore, Count II, as alleged against the Anchor Glass Defendants, is **DISMISSED** for failure to state a claim.

### 3.     Count III – Wrongful Termination of Benefits

Count III simply restates the claim asserted in Count I – that that the Plaintiff was discriminated against by Defendant Anchor Glass Corporation's termination of his benefits after the Plaintiff reached "maximum medical improvement." Therefore, the above analysis with regard to Count I – "Discrimination' Employment' [sic] Disability" – also applies with regard to Count III. Accordingly, the Plaintiff has failed to state a claim upon which relief can be granted, and Count III against the Anchor Glass Defendants is **DISMISSED**.

### 4.     Count IV – Breach of Contract

The Court assumes that Count IV is a Georgia state law breach of contract claim. "The elements for a breach of contract claim in Georgia are (1) the breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken." *St. James Entertainment, LLC v. Dash Crofts*, --- F. Supp. 2d ----, 2011

WL 3489992, * 4 (N.D. Ga.) (internal quotations and citation omitted). Further, absent a special relationship, no breach of contract claim exists without an actual contractual relationship. *See Bulmer v. Southern Bell Tel. & Tel. Co.*, 170 Ga. App. 659, 317 S.E.2d 893 (1984).

Here, the Plaintiff has not alleged facts sufficient to support the existence of a contractual relationship between the Plaintiff and the Anchor Glass Defendants. Although the Plaintiff mentions a "collective bargaining agreement" in his complaint, he does not allege that the agreement was between him and Defendant Anchor Glass or the individual Anchor Glass Defendants, he does not attach the document to his complaint, nor does he allege any of the elements to support a breach of the collective bargaining agreement by the Anchor Glass Defendants. Therefore, Count IV against the Anchor Glass Defendants is **DISMISSED** for failure to state a claim.

### 5. Count V – Title VII Retaliation

Count V alleges "Retalation [sic]." Because the initial complaint alleges a violation of Title VII and a retaliation claim is an appropriate claim pursuant Title VII, the Court presumes the Plaintiff is attempting to assert a Title VII retaliation claim.

Assuming the Plaintiff has properly alleged the elements of a retaliation claim, which he has not, any Title VII retaliation claim is barred by the applicable statute of limitations. A Title VII action must be commenced within 90 days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000). "When a plaintiff does not assert that he or she received the right-to-sue letter on a specific date, the Court presumes the plaintiff received the letter three days after it was mailed." *Marshall v. Eadison*, 2005 WL

3132352 (M.D. Ga.).  However, the Eleventh Circuit has relaxed this bright-line rule and reasoned that "[r]eceipt is presumed when a complainant is unable to show that [his or] her failure to receive a [right-to-sue-] letter was in no way [his or] her fault."  *Kerr v. McDonald's Corp.* 427 F.3d 947, 952 (11th Cir. 2005).  Thus, the 90 day limitations period should be analyzed on a case by case basis and if events beyond a plaintiff's control prevent him from knowing that the EEOC has dismissed the charge, then the general "three day" presumption will not apply.  *Id.*

The Plaintiff did not attach his EEOC letter regarding a Title VII claim as an exhibit, nor did he allege any facts regarding an EEOC right-to-sue letter.  However, the Anchor Glass Defendants attached the Plaintiff's EEOC letter regarding his Title VII retaliation claim.  (Doc. 13, Exhibit B).  The letter was mailed June 17, 2010.  The Plaintiff has not alleged that he did not receive the right-to-sue letter.  Thus, the Court presumes he received the letter on June 21, 2010.[3]  The Plaintiff filed his complaint on January 6, 2012, well outside of the 90 day statute of limitations period.  Thus, the Title VII retaliation claim against Defendant Anchor Glass Corporation is time barred and **DISMISSED**.[4]

Further, there is no basis for a Title VII retaliation claim against the individual Anchor Glass Defendants.  An individual employee is not an employer within the

---

[3] Three days after the mailing of the letter is actually June 20, 2010, a Sunday.

[4] The Anchor Defendants construe the Plaintiff's allegation of retaliation to be brought pursuant to a section of the Occupational Health and Safety Act, rather than Title VII.  Although the Court appreciates the Anchor Defendants' attempt to analyze the Plaintiff's "claim," it will not write in a cause of action, when the Plaintiff does not allege that cause of action and merely cites the Occupational Safety and Health Administration as the entity he complained to regarding safety violations.  (Doc. 1).

meaning of Title VII.  *Hamm v. Lakeview Community Hospital*, 950 F. Supp. 330, 332-333 (M.D. Ala. 1996).  Therefore, the Title VII retaliation claim against the individual Anchor Glass Defendants is **DISMISSED**.

### 6. Count VI – Falsification of Documents

Count VI does not appear to be a cause of action.  The Plaintiff has not alleged any elements of a claim, nor has he alleged any facts supporting a claim.  Accordingly, Count VI against the Anchor Glass Defendants is **DISMISSED** for failure to state a claim.

## B. The International Glass Defendants

With regard to the International Glass Defendants, the Court makes the same assumptions it made regarding the Anchor Glass Defendants.  Each claim is addressed below in the order in which the Plaintiff alleges them in his amended complaint.  (Doc. 7).

### 1. Count I – "Discrimination' Employment' Disability"

The Plaintiff alleges that the International Glass Defendants violated the Americans with Disabilities Act in his complaint and lists employment discrimination because of disability as Count I in his amended complaint.  (Docs. 1 and 7).  The Plaintiff contends that Defendant International Glass discriminated against him when his benefits were terminated after he reached "maximum medical improvement."  The Court presumes, then, that the Plaintiff is intending to assert a claim of employment discrimination because of his disability against Defendant International Glass and the individual International Glass Defendants.

The American with Disabilities Act prohibits "covered entities" from discriminating against "qualified individual[s] with a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms and conditions and privileges of employment." 42 U.S.C. § 12112(a). The Plaintiff alleges employment discrimination because of his disability against Defendant International Glass, but has not alleged or produced any evidence showing that International Glass Union was his employer. On the contrary, the Plaintiff alleges he was employed by Anchor Glass Container Corporation. Further, although a labor union, in some circumstances, can be held liable pursuant to the ADA outside an employment relationship, the Plaintiff does not allege any of these circumstances are applicable here.[5] Moreover, the Plaintiff has not alleged or produced any evidence showing that he filed an EEOC charge against Defendant International Glass Union. *See Bost v. Fed. Express Cor.*, 372 F.3d 1233, 1239 (11th Cir. 2004) (reasoning that every employee who intends to sue for discrimination must first file an administrative charge with the EEOC). Accordingly, Count I, as alleged against Defendant International Glass Union, is **DISMISSED** because the Plaintiff failed to state a claim of relief.

The individual International Glass Defendants are also not the Plaintiff's employer. Further, there is generally no personal liability pursuant to the ADA. *See e.g.*

---

[5] For example, a labor union cannot enter into a facially discriminatory contract provision or discriminatorily respond to an employee's request that an employer make a reasonable accommodation. *See e.g. Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) (Federal laws were violated when an employee's labor union refused to file grievances presented by black employees on the ground that the employer disfavored such grievances).

*Mason v. Stalling*, 82 F.3d 1007 (11th Cir. 2007). Accordingly, Count I against the individual International Glass Defendants **DISMISSED**.

### 2. Count II – Breach of Duty of Care

Count II does not appear to be a cause of action. The Plaintiff does not specify what "duty of care" was owed to him. Further, this "claim" is devoid of any factual application or factual support. However, to the extent that the Plaintiff is intending to allege a state law claim against Defendant International Glass Union or the individual International Glass Defendants, it is preempted by § 310 of the Labor Management Relations Act (LMRA). 29 U.S.C. § 185. Because § 310 is such a potent source of federal labor law, "any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301." *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368 (1990) (internal quotations and citations omitted).

Therefore, although the Plaintiff's complaints are devoid of any factual support for his breach of duty of care claim, even had he successfully stated a state law claim, it would be preempted by federal law. Accordingly, Count II, as alleged against the International Glass Defendants, is **DISMISSED**.

### 3. Count III – Wrongful Termination of Benefits

Count III simply restates the claim asserted in Count I – that that the Plaintiff was discriminated against by Defendant International Glass Union's termination of his benefits after the Plaintiff reached "maximum medical improvement." Therefore, the above analysis with regard to Count I – "Discrimination' Employment' [sic] Disability" – also applies with regard to Count III. Further, if the Plaintiff is attempting to assert a

state law "wrongful termination of benefits" claim against Defendant International Glass Union, it is preempted by § 301 of the LMRA for the reasons stated above regarding Count II. Accordingly, the Plaintiff has failed to state a claim upon which relief can be granted, and Count III against the International Glass Defendants is **DISMISSED**.

### 4. Count IV – Breach of Contract

The Court assumes that Count IV is a Georgia state law breach of contract claim. Here, the Plaintiff alleges that the International Glass Defendants violated the collective bargaining agreement for failing to "represent [him] and has told [him] that will [sic] not get involved in the matter." (Doc. 1). As stated above in the Court's analysis of Count II, "state law is [] pre-empted by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements[,]" and "any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301." *Rawson*, 495 U.S. at 368 (internal quotations and citations omitted).

The Plaintiff has not alleged a federal claim regarding a breach of the collective bargaining agreement by Defendant International Glass Union or the individual International Glass Defendants. Further, determining what Defendant International Glass Union's duties were with respect to the Plaintiff would require the Court to interpret the collective bargaining agreement pursuant to LMRA § 301. Not only is the Plaintiff's state law breach of contract claim preempted by the LMRA, he has failed to adequately allege the duty owed to him by Defendant International Glass Union under the collective bargaining agreement. One broad allegation of violating the agreement is

not enough to sustain a breach of contract claim, pursuant to Georgia state law or the LMRA. Therefore, Count IV against the International Glass Defendants is **DISMISSED**.

### 5. Count V – Title VII Retaliation

Count V alleges "Retalation [sic]." Because the initial complaint alleges a violation of Title VII and a retaliation claim is an appropriate claim pursuant to Title VII, the Court presumes the Plaintiff is attempting to assert a Title VII retaliation claim.

As noted in the Count I analysis, Defendant International Glass Union did not employ the Plaintiff. Although Title VII does address liability of "labor organizations," the Plaintiff specifically alleges retaliation as the basis for his Title VII claim. Pursuant to 42 U.S.C. § 2000e-2(c)(3), a labor organization can only be held liable for retaliation if it "cause[d] or attempt[ed] to cause an employer to discriminate against an individual." The Plaintiff does not allege that the International Glass Defendants caused his employer to retaliate or discriminate against him. Further, there are no facts to support an argument that Defendant International Glass or the individual International Glass Defendants had any part of the Plaintiff's employer's hiring decisions. Accordingly, Count V against the International Glass Defendants is **DISMISSED**.

### 6. Count VI – Falsification of Documents

Count VI appears to be the same claim alleged against the Anchor Glass Defendants. Count VI fails against the International Glass Defendants for the same reasons it fails against the Anchor Glass Defendants. Accordingly, Count VI against the International Glass Defendants is **DISMISSED** for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Anchor Glass Defendants' Motion to Dismiss and the International Glass Defendants' Motion to Dismiss are **GRANTED**. (Docs. 13 and 15). All of the Plaintiff's claims against each Defendant are **DISMISSED** with prejudice.

**SO ORDERED**, this the 24th day of May, 2012.

                                                                     <u>S/ Marc T. Treadwell</u>
                                                                     MARC T. TREADWELL, JUDGE
                                                                       UNITED STATES DISTRICT COURT